UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHER DIVISION at ASHLAND

| | | |
|---|---|---|
| WENDELL ROSS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-103-HRW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| MICHAEL SEPANEK, *Warden*, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Wendell Ross is an inmate confined in the Federal Correctional Institution
("FCI") in Ashland, Kentucky. Proceeding without an attorney, Ross has filed a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his
federal conviction and sentence. [R. 1] Ross has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C.
§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.
2011). The Court must deny the petition "if it plainly appears from the petition and
any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules
Governing § 2254 Cases in the United States District Courts (applicable to § 2241
petitions under Rule 1(b)).

The Court evaluates Ross's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Ross's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Ross can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On August 4, 2004, Ross was charged in a three-count indictment in the United States District Court for the Southern District of Ohio and charged with possession of a firearm by a convicted felon, possession with intent to distribute marijuana, and carrying a firearm during and in relation to a drug trafficking crime. *United States v. Wendell Ross*, No. 1:04-cr-0099-SJD (S.D. Ohio 2004). Ross proceeded to trial in 2006 and was convicted on all three counts of the indictment. [*Id.*, at R. 80 therein]

Prior to Ross's trial, pursuant to 21 U.S.C. § 851, the United States filed an Information To Establish Prior Conviction [*Id.*, at R. 71 therein], advising that in 1996, Ross was convicted on drug trafficking charges in state court in Ohio;[1]

---

[1] Specifically, on or about January 17, 1996, Ross was convicted of Aggravated Drug Trafficking in the Hamilton County Court of Common Pleas in Case No. B 95-10888. On February 7, 1996, he received a 2-year suspended sentence and was placed on probation for two

therefore, he was liable for imposition of an enhanced sentence pursuant to 21 U.S.C. § 841(D).

On July 19, 2006, Ross was sentenced under the career offender[2] sentencing guidelines, *viz.*, USSG § 4B1.1(c)(3), and received a 120-month sentence of imprisonment on each of Counts 1 and 2, to run concurrently, and a 120-month sentence on Count 3, to run consecutively to the sentences on Counts 1 and 2, for a total sentence of 240 months. [*Id.*, at R. 99 therein]

Ross appealed, but on November 12, 2008, the Sixth Circuit affirmed his conviction and sentence. *United States v. Wendell Ross*, No. 06-4106 (6th Cir. 2008). Ross then filed a petition for a writ of certiorari in the United States Supreme Court (Case No. 09-5341). However, on October 5, 2009, the Supreme Court denied his petition. *Ross v. United States*, 558 U.S. 899, 130 S.Ct. 250 (2009).

---

years; however, on February 14, 1997, his probation was terminated, and the original 2-year sentence was reinstated. [*Id.*, at R. 71-1 therein] Thereafter, in 1998, Ross was charged in Ohio with attempted escape, a felony offense, in the Hamilton County Court of Common Pleas in Hamilton County, Ohio, in Case No. B-9804829. On October 23, 1998, Ross pled guilty to that offense and was sentenced to a 16-day sentence (time he had already been in custody on that charge) and placed on probation for one year. [*Id.*, at R. 95, pp. 14-36 therein]

[2] USSG 4B1.1 defines a "career offender" as follows:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Thereafter, on September 22, 2010, Ross filed a motion in the trial court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence. [ *Id.*, at R. 120 therein] On March 10, 2011, the trial court denied Ross's § 2255 motion. [*Id.*, at R. 134 therein] Ross appealed, but on October 6, 2011, the Sixth Circuit Court of Appeals found that he had not made a substantial showing of the denial of a constitutional right and denied Ross a certificate of appealability. [*Id.*, at R. 141] On July 23, 2012, Ross then filed a second § 2255 motion in the trial court [*Id.*, at R. 142], which was denied on August 24, 2012. [*Id.*, at R. 145]

## CLAIMS ASSERTED IN § 2241 PETITION

Ross contends that he is entitled to resentencing in light of the Supreme Court's decisions in *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687 (2009) and *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). Ross acknowledges that his remedy to obtain resentencing would ordinarily be under 28 U.S.C. § 2255, but that in his case, that remedy is inadequate and ineffective; therefore, he submits that he is entitled to proceed with this claim for resentencing in his § 2241 petition under the savings clause of 28 U.S.C. § 2255(e).

In *Chambers v. United States*, *supra*, the Supreme Court held that felony escape convictions based on the a defendant's failure to report were not violent felonies under the Armed Career Criminal Act (ACCA). Subsequently, in

4

*Carachuri–Rosendo*, the Supreme Court held that a defendant who has been convicted in state court for a subsequent simple drug possession offense, which was not enhanced based on the fact of a prior conviction, had not been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43); therefore, the Attorney General had the discretion to cancel defendant's removal proceedings. *Id.*, 130 S. Ct. at 2589.

Ross argues that based on the Supreme Court's holdings in *Chambers* and *Carachuri–Rosendo*,[3] he is "actually innocent" of being a career offender, that the sentencing court improperly enhanced his sentence as a career offender, and that these two cases apply retroactively to his claim. Ross further argues that his 1998 conviction in Ohio for attempted escape cannot be deemed a crime of violence for purposes of the statutory or guideline enhancements. For these reasons, Ross requests that his sentence be vacated. The Court presumes that he is requesting to be resentenced without the "career offender" enhancement.

---

[3] The Court is at a loss to understand Ross's reliance on *Carachuri-Rosendo*, an immigration case concerning a defendant's challenge to a deportation proceeding. The holding in *Carachuri-Rosendo* appears to be fact-specific to immigration cases. Even if *Carachuri-Rosendo* is retroactively applicable, it is not applicable to Ross's claim and will not be considered further.

5

## DISCUSSION

Ross is not challenging any aspect of the *execution* of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Ross alleges that the sentencing court erred by imposing an enhanced sentence based on its determination that he was a career criminal.

However, § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and it is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799,

6

804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply either where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he asserted his claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Under this framework, Ross fails to demonstrate that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention. Ross's claim raised herein that the trial court erred by sentencing him as a career offender is one of the same claims which he previously and unsuccessfully asserted in his § 2255 motion. The Magistrate Judge rejected that same claim, determining that Ross's claim raised in reliance on *Chambers* was both time-barred and without merit even if it were not time-barred. The district court fully adopted the Magistrate Judge's ruling, and on appeal, the Sixth Circuit declined to issue a certificate of appealability.

The remedy provided under § 2255 is not rendered inadequate and ineffective if, as in Ross's case, the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was

7

denied permission to file a second or successive § 2255 motion. *See Charles*, 180

F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002);

*Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is

not an additional, alternative, or supplemental remedy to the one provided in § 2255.

*Charles*, 180 F.3d at 758.

The burden is on the § 2241 petitioner to establish that his remedy under §

2255 was inadequate or ineffective to challenge his detention. *Martin*, 319 F.3d at

804–05. Because Ross does nothing more than reiterate the same claim which he

unsuccessfully advanced in his § 2255 motion, he has not carried his burden as to that

claim, and he can not use § 2241 to make an end-run around § 2255's procedural

hurdles.

However, a prisoner proceeding under § 2241 can use the savings clause of §

2255(e) if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724

(6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but

actual innocence requires *factual* innocence, not mere legal insufficiency. *Bousley*

*v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d

444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th

Cir. 2001). To make this showing, the movant must cite a new rule of law made

retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v.*

8

*United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Ross likewise can not make that showing as to his claim of having received an unlawfully enhanced sentence as a career offender because he has not cited a new rule of law made retroactive by the United States Supreme Court.

Ross looks to *Chambers* to support his claim that his prior state court conviction for attempted escape did not qualify as a predicate offense warranting his being classified as a career offender for sentencing enhancement purposes. However, his argument ignores the fact that the Supreme Court decided *Chambers* on January 13, 2009, before his conviction became final. After the Sixth Circuit affirmed his conviction on November 12, 2008, Ross petitioned the Supreme Court for a writ of certiorari. That petition was pending before the Supreme Court at the time *Chambers* was decided. On October 5, 2009, the Supreme Court denied Ross's petition for a writ of certiorari; thus, his conviction became final on October 5, 2009. Since *Chambers* was decided in January of 2009, prior to the denial of Ross's petition for a writ of certiorari, it is logical to assume that if *Chambers* offered Ross any substantive relief as to his enhanced sentence, the Supreme Court would have granted his petition for a writ of certiorari and remanded the case to the Sixth Circuit for reconsideration in view of *Chambers*.

9

Additionally, the Court is aware of no announcement from the Supreme Court that *Chambers* is to be applied retroactively. Further, in *United States v. Gibson*, 424 F.App'x 461 (6th Cir. 2011), the Sixth Circuit Court of Appeals had the opportunity to determine whether *Chambers* is retroactively applicable, but declined that invitation. Nevertheless, the Sixth Circuit noted that there were conflicting decisions among the district courts that had addressed that issue, but that all circuit courts of appeal that had addressed that issue had unanimously held that *Chambers* is retroactively applicable. The Sixth Circuit stated:

> Because *Chambers* is a new rule, even if we assume that *Chambers* modifies the relevant law, Defendant is not entitled to relief under 28 U.S.C. § 2255 unless *Chambers* is retroactively applicable on collateral review. *See Duncan*, 552 F.3d at 444. This Court has not yet addressed the retroactive applicability of *Chambers*, and district courts in this Circuit have divided on the issue. *See, e.g., Christensen v. Hickey*, No. 5:11–00019–KSF, 2011 WL 855633, at *5 (E.D.Ky. March 9, 2011) (noting the lack of Circuit authority); *Thomas v. United States*, No. 1:10–CV–225, 2011 WL 167267, at *2–3 (E.D.Tenn. Jan.19, 2011) (assuming *Chambers* is retroactively applicable, solely for the purpose of decision); *Jackson v. United States*, 1:10–CV–4, 2011 WL 144913, at *2 (E.D.Tenn. Jan.18, 2011) (finding that *Chambers* is not retroactively applicable); see also *United States v. Jones*, No. 6:04–70–DCR, 2010 WL 55930, at *3–4 (E.D.Ky. Jan.4, 2010) (finding that the *Begay* line of cases is not retroactively applicable).FN1. . . .
>
>> FN1. In contrast, courts of appeal that have examined the issue have unanimously held that *Chambers* and the Supreme Court's companion decision in *Begay v. United States*, 553 U.S. 137, 146–48, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (holding that DUI convictions are not violent

> felonies under the ACCA), are retroactively applicable as a change in substantive law. *See United States v. Shipp*, 589 F.3d 1084, 1089–90 (10th Cir.2009) (finding *Chambers* retroactively applicable); *see also Welch v. United States*, 604 F.3d 408, 415 (7th Cir.2010) (finding *Begay* retroactively applicable); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir.2010) (same).

424 F.App'x at 465-466.

However, because the Sixth Circuit has yet to determine whether *Chambers* is to be applied retroactively, this Court is likewise not inclined to make that determination. Therefore, at this juncture, *Chambers* does not afford Ross the relief he seeks in his habeas petition.

Finally, to the extent that Ross claims that his sentence that was enhanced by reason of his being classified as a career offender is unconstitutional, he can not proceed because he is not claiming that he is actually innocent of the underlying firearm and drug offenses of which he was convicted. *See Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

11

This Court has rejected claims brought by § 2241 petitioners alleging improper sentence enhancements based upon prior state convictions, and the Sixth Circuit has approved that approach. *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (same).

Because Ross has not shown that he is actually innocent of the underlying offenses for which he was convicted under 21 U.S.C. § 841(b)(1)(A) or that a retroactively applicable Supreme Court decision affords him relief, by entitling him to be resentenced as a non-career offender, the savings clause of § 2255 does not apply. Ross's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Wendell Ross's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. 1] is **DENIED**;

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.    Judgment shall be entered this date in favor of the Respondent.

This July 8, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge